```
MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, PO BOX 093
Trenton, New Jersey 08625-0093
Attorney for Defendants Matthew J. Platkin and Patrick J.
Callahan

By:  Stuart M. Feinblatt
     Assistant Attorney General
     Stuart.Feinblatt@law.njoag.gov
     (609) 376-3192
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | |
|---|---|
| MARK CHEESEMAN, TIMOTHY CONNELLY, and FIREARMS POLICY COALITION, INC., <br><br>Plaintiffs, <br><br>v. <br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, CHRISTINE A. HOFFMAN, in her official capacity as Acting Gloucester County Prosecutor, and BRADLEY D. BILLHIMER, in his official capacity as Ocean County Prosecutor, <br><br>Defendants. | HON. RENEE MARIE BUMB, U.S.D.J. <br><br><br>Civil Action No. 1:22-cv-4360 <br><br><br>**DEFENDANTS MATTHEW J. PLATKIN's AND PATRICK J. CALLAHAN's ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants Acting Attorney General Matthew J. Platkin and Superintendent Patrick J. Callahan, hereinafter referred to as

1

"Answering Defendants," by way and through the undersigned counsel, hereby respond to the allegations set forth in Plaintiff's First Amended Complaint and by way of Answer to the same state:

## INTRODUCTION

1. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

2. Denied. In addition, Answering Defendants deny Plaintiffs' characterization of N.J. Stat. Ann. §§ 2C:39-1, 2C:39-5, 2C:39-9, and 2C:58-5 as "New Jersey's Ban" or the "Ban" as to each and every time that characterization is repeated in the First Amended Complaint.

3. Denied.

## JURISDICTION & VENUE

4. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

5. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

**PARTIES**

6. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

7. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

9. Except to admit that Defendant Matthew J. Platkin is the Acting Attorney General of New Jersey, and serves as the head of the New Jersey Office of the Attorney General and Department of Law and Public Safety, which includes the New Jersey State Police, and has an official address of 25 Market Street, Trenton, New Jersey, and is being sued in his official capacity, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

10. Except to admit that Defendant Patrick J. Callahan is the Superintendent of the New Jersey State Police, and has an

official address of P.O. Box 7068, West Trenton, New Jersey, and is being sued in his official capacity, Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

11. Answering Defendants neither admit nor deny the allegations contained in this paragraph as they are not directed at the Answering Defendants.

12. Answering Defendants neither admit nor deny the allegations contained in this paragraph as they are not directed at the Answering Defendants.

## FACTUAL ALLEGATIONS

### I. NEW JERSEY'S REGULATORY SCHEME

13. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

14. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains allegations challenging whether the label "assault firearms" is appropriate, they are hereby denied.

15. Admitted.

16. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

17. Admitted.

18. Admitted that Defendant Matthew J. Platkin continues to publish the Guidelines.

19. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph characterizes certain exceptions to the cited laws as "narrow," those characterizations are hereby denied.

20. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains allegations that the state law constitutes a *de facto* ban, they are hereby denied.

21. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

22. Denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

27. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

**II.  NEW JERSEY'S BAN PROHIBITS LAW-ABIDING CITIZENS FROM ACQUIRING OR POSSESSING RIFLES IN COMMON USE**

28. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

29. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

30. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

31. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

32. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

33. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

34. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

35. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

36. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

37. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

38. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

39. Other than denying that New Jersey's law mischaracterizes the listed weapons as assault firearms, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

40. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### III. THE EFFECT ON PLAINTIFFS

51. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

52. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

53. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

54. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

55. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

### IV. DEFENDANTS' LAWS AND REGULATIONS VIOLATE THE SECOND AND FOURTEENTH AMENDMENTS

56. Admitted (subject to placement of commas after the words "Militia" and "Arms").

57. Admitted.

58. Admitted.

59. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

60. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

61. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

62. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

63. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

64. Denied.

65. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

66. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

67. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

68. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

69. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

70. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

71. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

72. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

73. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

74. Denied.

75. Denied.

### COUNT ONE

**Violation of the United States Constitution
Second and Fourteenth Amendments
(42 U.S.C. § 1983)
(All Plaintiffs Against All Defendants)**

76. Answering Defendants hereby repeat and reassert their answers to the previous paragraphs as if set forth fully herein.

77. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent this paragraph contains factual allegations, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and Plaintiffs are left to their proofs.

78. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

79. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

80. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

81. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

82. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

83. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Plaintiffs are left to their proofs.

84. Denied.

85. Answering Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Answering Defendants demand judgment dismissing Plaintiffs' First Amended Complaint with prejudice, together with costs of suit.

Answering Defendants deny that there was any violation of Plaintiffs' constitutional rights. Answering Defendants deny that Plaintiffs are entitled to any relief from Answering Defendants, including injunctive relief, attorney's fees, expert fees, and costs, or any other relief demanded by Plaintiffs.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Answering Defendants have not deprived Plaintiffs of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress.

**SECOND AFFIRMATIVE DEFENSE**

The Second Amended Complaint fails to state a claim against Answering Defendants upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs do not have standing with respect to the allegations in their First Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in Plaintiff's First Amended Complaint are not ripe for adjudication.

### FIFTH AFFIRMATIVE DEFENSE

The weapons that are regulated by the challenged New Jersey laws do not fall within the text or the scope of the rights protected by the Second Amendment.

### SIXTH AFFIRMATIVE DEFENSE

The challenged New Jersey laws do not violate the Second Amendment because they are consistent with this country's historical tradition of firearm regulation.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from suit based upon the doctrine of sovereign immunity.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to interpose each and every such other separate defense that continuing investigation and discovery may indicate.

**RESERVATION OF RIGHTS**

Answering Defendants reserve the right, at or before trial, to move to dismiss the First Amended Complaint and/or move for summary judgment, on the grounds that it fails to state a claim upon which relief can be granted and/or the Answering Defendants are entitled to judgment as a matter of law.

**DESIGNATION OF TRIAL COUNSEL**

Please be advised that Melissa Medoway, Deputy Attorney General, is hereby designated as trial counsel in this matter.

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:  /s/ Stuart M. Feinblatt
Stuart M. Feinblatt
Assistant Attorney General

Dated: August 26, 2022

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2022, Defendants Matthew J. Platkin's and Patrick J. Callahan's Answer was electronically filed with the Clerk of Court in the United States District Court for the District of New Jersey through the Court's CM/ECF system, which filing effected service upon counsel of record through the CM/ECF system.

Dated: August 26, 2022         By: /s/ Stuart M. Feinblatt
                                   Stuart M. Feinblatt
                                   (NJ ID# 018781979)
                                   Assistant Attorney General