BERRY SAHRADNIK KOTZAS & BENSON, P.C.
MARY JANE LIDAKA, ESQ.
212 Hooper Avenue, PO Box 757
Toms River, NJ 08754
(732) 349-4800; Fax: (732) 505-3073
Attorneys for Defendant Bradley D. Billhimer

| | |
|---|---|
| MARK CHEESEMAN, TIMOTHY CONNELLY, and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs <br><br> vs. <br><br> MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, CHRISTINE A. HOFFMAN, in her official capacity as Acting Gloucester County Prosecutor, and BRADLEY D. BILLHIMER, in his official capacity as Ocean County Prosecutor, <br><br> Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> Civil Action No.: 1:22-cv-4360 <br><br> **Civil Action** |

### DEFENDANT BRADLEY D. BILLHIMER'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT IN LIEU OF AN ANSWER

Mary Jane Lidaka, Esq.
    *On the Brief*

## **TABLE OF CONTENTS**

1. Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

2. Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

3. Point I
   **PLAINTIFFS' COMPLAINT AS TO DEFENDANT OCEAN COUNTY PROSECUTOR BRADLEY BLLHIMER MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   Point II
   **PLAINTIFFS CANNOT SATISFY THE REQUIREMENTS FOR INJUNCTIVE RELIEF AS TO DEFENDANT BILLHIMER AND THE FIRST AMENDED COMPLAINT AS TO HIM SHOULD BE DISMISSED**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

**CASES:**

Acevedo v. Monsignor Donovan High School, 420 F.Supp.2d 337
(D.N.J. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). . . . . . . . . . . . . . . . . . . . 3

Caissie v. City of Cape May, 619 F. Supp. 2d 110, 115 (D.N.J. 2009) . . . . . . . . 3

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102,
2 L.Ed.2d 80 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3rd Cir. 2014) . . . . 4

Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3rd Cir. 2009) . . . . . . . . . . . . 3

GJJM Enterprises., LLC v. City of Atlantic City, 293 F. Supp. 3d 509,
517 (D.N.J. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Glenside West Corp. v. Exxon Co., U.S.A., 761 F.Supp. 1100,
1107 (D.N.J. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Gruntal & Co. v. Steinberg, 843 F. Supp. 1, 16 (D.N.J. 1994) . . . . . . . . . . . . 6

Gutman v. Howard Savings Bank, 748 F.Supp. 254, 260 (D.N.J.1990) . . . . . . . . 2

Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33,
81 L.Ed.2d 59 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hynoski v. Columbia Cnty. Redevelopment Auth., 485 F. App'x
559, 563 (3rd Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800
(3rd Cir. 1989)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3rd Cir. 2004) . . . . . . . . 5

Mallet & Co. v. Lacayo, 16 F.4th 364, 380 (3rd Cir. 2021) . . . . . . . . . . . . . . 5

Malleus v. George, 641 F.3d 560, 563 (3rd Cir. 2011) . . . . . . . . . . . . . . . . . 3

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997) . . . . . . . . 3

N.Y. State Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022). . . . . . . . . . . . . 1

Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer
Pharm. Co., 290 F.3d 578, 586 (3rd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . 5

P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC,
428 F.3d 504, 508 (3rd Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Papasan v. Allain, 478 U.S. 265, 286 (1986). . . . . . . . . . . . . . . . . . . . . . . . 3

Peterson v. HVM L.L.C., No. 14-1137, 2015 WL 3648839, at *6
(D.N.J. June 11, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3rd Cir. 2017) . . . . . . . . . . . 5, 6

Rogin v. Bensalem Township, 616 F.2d 680, 685 (3rd Cir.1980), cert.
denied, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981). . . . . . . . . . . 2

Schanzer v. Rutgers Univ., 394 F. Supp. 669 (D.N.J. 1996). . . . . . . . . . . . . . 2

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686,
40 L.Ed.2d 90 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987). . . . . . . . . . . . . . . . . . . 2

Unger v. National Residents Matching Program, 928 F.2d 1392,
1400 (3rd Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 21 (2008) . . . . 7

Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3rd Cir. 1985). . . . . . 2

**STATUTES:**

N.J.S.A. 2A:158-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

N.J.S.A. 2A:158-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**COURT RULES:**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

## **STATEMENT OF FACTS**

On June 30, 2022 Plaintiffs Mark Cheeseman, Timothy Connell and Firearms Policy Coalition, Inc. filed the within complaint for declaratory and injunctive relief. Among the named defendants is Bradley Billhimer, the Ocean County Prosecutor. (See complaint, court document #1.) Thereafter, on July 14, 2022, Plaintiffs filed a first amended complaint, also for declaratory and injunctive relief. Both the complaint and amended complaint challenge the constitutionality of the State of New Jersey's statutes regulating "assault firearms", asserting that New Jersey's ban on such weapons unconstitutionally infringes on Plaintiffs' rights under the Second Amendment. Plaintiffs rely, in part, upon the recent United States Supreme Court decision in N.Y. State Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022) (See Plaintiffs' amended complaint, court document #17.)

Plaintiffs' complaints seek a declaratory judgment that the statute violates Plaintiffs' constitutional rights, and request a preliminary and permanent injunction prohibiting defendants, including Ocean County Prosecutor Bradley Billhimer, from enforcing certain New Jersey assault firearms statutes.

## LEGAL ARGUMENT

I. **PLAINTIFFS' FIRST AMENDED COMPLAINT AS TO DEFENDANT OCEAN COUNTY PROSECUTOR BRADLEY BLLHIMER MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

In accordance with Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted. As noted by the court in Schanzer v. Rutgers Univ., 934 F. Supp. 669 (D.N.J. 1996):

> A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the case, but merely tests the legal sufficiency of the Complaint. See Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987). When considering a Rule 12(b)(6) motion, the reviewing court must accept as true all well-pleaded allegations in the Complaint and view them in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3rd Cir. 1985); Rogin v. Bensalem Township, 616 F.2d 680, 685 (3rd Cir. 1980), *cert. denied*, 450 U.S. 1029, 101 S. Ct. 1737, 68 L.Ed.2d 223 (1981). In considering the motion, a district court must also accept as true any and all reasonable inferences derived from those facts. See Unger v. National Residents Matching Program, 928 F.2d 1392, 1400 (3rd Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Savings Bank, 748 F. Supp. 254, 260 (D.N.J. 1990). A court may not dismiss the Complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957).
>
> The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether he can prove any set of facts in support of his claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984)

See also Acevedo v. Monsignor Donovan High School, 420 F.Supp.2d 337 (D.N.J. 2006)

In deciding a motion to dismiss, the court may consider the allegations in the complaint, matters of public record, orders and exhibits attached to the complaint. Caissie v. City of Cape May, 619 F. Supp. 2d 110, 115 (D.N.J. 2009) Generally, a district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). See Malleus v. George, 641 F.3d 560, 563 (3rd Cir. 2011) The court must first take note of the elements that a plaintiff must plead in order to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) Next, factual and legal elements of the complaint should be separated and the district court must accept all well-pleaded facts as true, and view them in the light most favorable to plaintiff, but is free to disregard any legal conclusions. Malleus, *supra*; Iqbal, *supra* at 678. Lastly, the district court must decide whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3rd Cir. 2009) (quoting Iqbal, *supra* at 679) A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 210 (quoting Iqbal, at 678)

Moreover, a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) Further, liberal construction does not require the court to credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997) The complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler, *supra* at 210 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3rd Cir. 2014).

In the case *sub judice*, other than identifying Mr. Billhimer as the Ocean County Prosecutor, there are no specific allegations directed solely to him. In any event, it is respectfully submitted that any challenge to the state statute should be addressed by the Office of the New Jersey Attorney General, not a county prosecutor.

Mr. Billhimer was appointed as the Ocean County Prosecutor by the governor, with the advice and consent of the senate. N.J.S.A. 2A:158-1 Pursuant to statute, as prosecutor, he is mandated to "use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws". N.J.S.A. 2A:158-5 Accordingly, unless and until the New Jersey statutes with regard to assault weapons and/or assault firearms are amended or repealed, Mr. Billhimer has a statutory obligation to uphold and enforce those laws. Thus, Plaintiffs' complaint as to Prosecutor Billhimer should be dismissed for failure to state a claim.

## II. PLAINTIFFS CANNOT SATISFY THE REQUIREMENTS FOR INJUNCTIVE RELIEF AS TO DEFENDANT BILLHIMER AND THE FIRST AMENDED COMPLAINT AS TO HIM SHOULD BE DISMISSED.

Injunctive relief is governed by Fed. R. Civ. P. 65. However, Plaintiffs did not file a motion but, rather, bring this action by way of complaint and first amended complaint for declaratory and injunctive relief. Accordingly, Plaintiffs do not address the requirements for injunctive relief in their filed papers.

A preliminary injunction is "an extraordinary remedy which should be granted only in limited circumstances." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 586 (3rd Cir. 2002) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3rd Cir. 1989)). Generally, requests for preliminary injunctive relief are evaluated under a well-established four-factor test. A party seeking the extraordinary remedy of preliminary injunctive relief must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3rd Cir. 2017); GJJM Enterprises., LLC v. City of Atlantic City, 293 F. Supp. 3d 509, 517 (D.N.J. 2017). See also, Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3rd Cir. 2004) "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate."; Mallet & Co. v. Lacayo, 16 F.4th 364, 380 (3rd Cir. 2021)

Plaintiff has the burden of demonstrating it is likely to succeed on the merits. P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3rd Cir. 2005). The Third Circuit has explained:

> a movant for preliminary equitable relief must meet the threshold for the first two `most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief.

Reilly, *supra* at 179.

These two factors serve as a "gateway" for the remaining two factors. *Id.* Furthermore, preliminary injunctive relief is not appropriate where there are disputed issues of fact. See Gruntal & Co. v. Steinberg, 843 F. Supp. 1, 16 (D.N.J. 1994) (citation omitted).

Defendant submits that Plaintiffs cannot demonstrate a likelihood of success on the merits. The Attorney General's Office has filed an answer to the amended complaint on behalf of the Acting Attorney General of the State of New Jersey, Matthew Platkin, as well as the Superintendent of the New Jersey State Police, Patrick Callahan, denying a number of the allegations contained in the amended complaint. (See court document #17.) The answer contends that the claims asserted in Plaintiffs' first amended complaint are not ripe for adjudication; that the New Jersey statutes that are being challenged do not violate the Second Amendment; and that the weapons regulated by the challenged statutes are not within the scope of rights protected by the Second Amendment. (See document #17.)

This Defendant submits that it is questionable that Plaintiffs will succeed on the merits of the first amended complaint. The facts are in dispute and the *status quo* should be maintained pending a final determination at the conclusion of trial. In any event, Defendant Billhimer would not be involved in addressing the challenge to the

6

New Jersey state statutes at issue, since that falls within the province of the Attorney General's Office. Thus, it is not likely that Plaintiffs would win on the merits of the complaint as it relates to Defendant Billhimer.

Moreover, to constitute the sort of irreparable harm justifying preliminary injunctive relief, the moving party must demonstrate that it "will suffer harm that `cannot be redressed by a legal or an equitable remedy following a trial.'" Hynoski v. Columbia Cnty. Redevelopment Auth., 485 F. App'x 559, 563 (3rd Cir. 2012) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3rd Cir. 1989)). This requires a plaintiff to show not only that the harm it will suffer is one that cannot be adequately remedied by monetary compensation, but that it is one for which "even an equitable remedy will not be adequate if withheld until the conclusion of the litigation." Peterson v. HVM L.L.C., No. 14-1137, 2015 WL 3648839, at *6 (D.N.J. June 11, 2015). In addition, Plaintiff must demonstrate a likelihood of suffering such irreparable injury — a mere possibility of such injury is insufficient to warrant injunctive relief. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 21 (2008). In other words, "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm." Hynoski, *supra* at 563. Here, Plaintiffs are unable to demonstrate a likelihood of irreparable injury in the absence of preliminary injunctive relief.

In the matter at hand, the individual plaintiffs assert that they desire to exercise their right to keep assault firearms, "including but not limited to an AR-15 style rifle" and that but for the New Jersey statutory ban on such weapons, Plaintiffs would "acquire, purchase or receive" such firearms. (See first amended complaint.) Plaintiffs

7

also contend they have a "reasonable fear and threat of arrest, confiscation, prosecution, fine and imprisonment" for purchasing such weapons and so they are refraining from acquiring such firearms. (See court document #17.) This defendant submits that, since Plaintiffs apparently do not possess such assault weapons at this time, they cannot establish that they will sustain irreparable harm if they are not permitted to acquire such weapons during the pendency of this action. It cannot reasonably be disputed that the inability to purchase the assault weapons constitutes a harm that cannot be redressed by an equitable or legal remedy at the conclusion of trial. Hynoski, *supra*; Peterson, *supra*

This defendant submits that Plaintiffs cannot satisfy the threshold burden of demonstrating a likelihood of suffering irreparable harm in the absence of a preliminary injunction, particularly with regard to preventing Defendant Billhimer from carrying out his statutory duties with regard to enforcement of the applicable New Jersey statutes as they exist. Accordingly, this Court is not required to consider or balance the remaining factors for preliminary injunctive relief and Plaintiffs' request for same should be denied.

## CONCLUSION

For the reasons set forth herein, Defendant Ocean County Prosecutor Bradley Billhimer submits that Plaintiffs cannot satisfy the requirements necessary for a preliminary or permanent injunction or a declaratory judgment and same should be denied and the complaint dismissed as to this defendant.

Respectfully submitted,

*MaryJane Lidaka*
MARY JANE LIDAKA, ESQ.

Dated: August 30, 2022

8