

GELLERT
SCALI
BUSENKELL
& BROWN, LLC

*Bradley P. Lehman, Esquire*
*302-416-3344*
*blehman@gsbblaw.com*

November 16, 2022

<u>*Via E-Filing*</u>

The Honorable Renee Marie Bumb, U.S.D.J.
United States District Court
for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

      Re:    *Cheeseman, et al. v. Platkin, et al.,*
              Civil Action No. 1:22-cv-04360-RMB-AMD

Dear Judge Bumb:

      I represent the plaintiffs in the above-captioned action and write in response to Your Honor's text order entered this morning at Docket No. 35 concerning Defendant Bradley Billhimer's letter requesting a pre-motion conference (the "Pre-Motion Letter"; Docket No. 33). First, I apologize for the delay in responding to the Pre-Motion Letter. Having not previously appeared before Your Honor or participated in such a pre-motion conference, I erroneously believed that the conference would be scheduled as a matter of course and that the merits of Defendant's Billhimer's request for relief would be addressed at that time. I have since located this Court's Individual Rules and Procedures, will quickly acquaint myself with them, and will endeavor to avoid similar misunderstandings in the future.

      With respect to the relief requested by Defendant Billhimer in the Pre-Motion Letter, Mr. Billhimer argues, in essence, that he must be dismissed from the case because he is merely doing his job as he enforces unconstitutional statutory provisions in Ocean County. However, to the extent that Plaintiffs herein seek and are entitled to preliminary injunctive relief enjoining enforcement of the statutory provisions being challenged in this case, Plaintiffs understand that Mr. Billhimer must remain a defendant in this action in order for such injunctive relief to have effect in Ocean County. *See, e.g., Two Guys from Harrison, Inc. v. Furman*, 157 A.2d 351, 354-55 (N.J. Super. Ct. 1959) (injunction against state AG did not bind non-party Bergen County Prosecutor).

      Mr. Billhimer may be enjoined in this action from enforcing the challenged provisions and need not wait until the "statutes are changed" in the event that this Court enters an order directing him to cease enforcement. Moreover, the notion that Plaintiffs are seeking to enjoin enforcement by "only two of the 21 county prosecutors throughout the State of New Jersey" is not material and should not be surprising, as the individual plaintiffs in this case reside in those two counties and

1201 N. ORANGE STREET
SUITE 300
WILMINGTON, DELAWARE 19801
P: 302. 425. 5800 | F: 302. 425. 5814

8 PENN CENTER
1628 JOHN F. KENNEDY BLVD, SUITE 1901
PHILADELPHIA, PENNSYLVANIA 19103
P: 215. 238. 0010 | F: 215. 238. 0016

WWW.GSBBLAW.COM

have standing to seek relief preliminarily enjoining enforcement of the challenged statutory provisions there. While Plaintiffs certainly make an effort to accommodate requests for courtesies from defense counsel, Plaintiffs are not willing to waive important legal rights.

Thank you for your consideration. Undersigned counsel is available at the convenience of the Court should Your Honor have any questions.

Respectfully submitted,


*/s/ Bradley P. Lehman*
Bradley P. Lehman

cc:     All Counsel (via e-filing)