

Parker McCay P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054-5054

P: 856.596.8900
F: 856.596.9631
www.parkermccay.com

Linda A. Galella, Esquire
P: 856 985-4052
F: 856 489-6980
lgalella@parkermccay.com

November 30, 2022

File No.: 09408-126

**VIA E-FILING ONLY**
The Honorable Renee Marie Bumb, U.S. Magistrate
United States District Court
Mitchell H. Cohen Bldg & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

  Re: Cheeseman, et al v. Platkin, et al
     Civil Action No. 1:22-cv-04360-RMB-AMD

Dear Judge Bumb:

  Please be advised that I represent Defendant, Christine A. Hoffman, in her capacity as Acting Gloucester County Prosecutor, in regard to the above captioned matter.

  On behalf of Defendant, Christine A. Hoffman, I am respectfully requesting a pre-motion conference to permit me to file a Motion to Dismiss the Complaint pursuant to F.R.Cv.P. 12(b)(6), in lieu of filing an Answer. Counsel for co-defendant Bradley Billhimer, Ocean County Prosecutor has made a similar request via correspondence dated November 4, 2022. As such, I also join in that request.

  By way of background, the Complaint and First Amended Complaint filed in this matter are brought under 42 U.S.C. §1983. Plaintiffs allege that New Jersey statutes that govern semi-automatic firearms violate the Second and Fourteenth Amendments of the United States Constitution. The Complaint and First Amended Complaint seek to enjoin the Gloucester County Prosecutor and the Ocean County Prosecutor from enforcing the current New Jersey statutes in regard to semi-automatic firearms. It is my understanding that the New Jersey Attorney General's office plans to respond to the substantive Constitutional challenges raised in Plaintiff's Complaint and First Amended Complaint.

  In her capacity as Acting Gloucester County Prosecutor, Ms. Hoffman must "use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the laws", as required by the current New Jersey law. N.J.S.A. 2A:158-5. Accordingly, in the absence of a change in the statutes defining and regulating assault weapons in New Jersey, Acting Prosecutor Hoffman is mandated to enforce the current law.

COUNSEL WHEN IT MATTERS.℠

Mount Laurel, New Jersey | Hamilton, New Jersey | Atlantic City, New Jersey | Camden, New Jersey



Based upon the above, I submit that Acting Prosecutor Hoffman should be dismissed from the case at this time for failure to state a claim. To that end, I have reached out to plaintiffs' counsel in the hopes of resolving this matter. To date, we have been unable to amicably resolve this legal issue. As such, motion practice is necessary. Further, I join in the request that a pre-motion conference be scheduled in this matter.

Thanking Your Honor for your courtesies, I remain,

Respectfully yours,

*s/ Linda A. Galella*

LINDA A. GALELLA

LAG:tlc
cc: The Honorable Ann Marie Donio, U.S. Magistrate United States District Court
   (via e-filing only)
   Bradley P. Lehman, Esquire, Attorney for Plaintiff (via e-filing only)
   Stuart M. Feinblatt, AAG (via e-filing only)
   Rachel Manning, AAG (via e-filing only)
   Mary Jane Lidaka, Esquire, Attorney for Deft. Pros. Billhimer (via e-filing only)
   Christine A. Hoffman, Esq., Acting Gloucester County Prosecutor (via email)
   Eric Campo, Esquire (via email)

4893-4230-4321, v. 2