

**GELLERT
SCALI
BUSENKELL
& BROWN, LLC**

Bradley P. Lehman, Esquire
302-416-3344
blehman@gsbblaw.com

November 30, 2022

<u>*Via E-Filing*</u>

The Honorable Renee Marie Bumb, U.S.D.J.
United States District Court
for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

   Re: *Cheeseman, et al. v. Platkin, et al.,*
      Civil Action No. 1:22-cv 04360-RMB-AMD

Dear Judge Bumb:

  As Your Honor is aware, I represent the plaintiffs in the above-captioned action, and I write in response to the letter filed earlier today by Ms. Galella on behalf of defendant Christine A. Hoffman requesting a pre-motion conference ahead of the anticipated filing of a Rule 12(b)(6) motion (the "Pre-Motion Letter"; Docket No. 41).

  Plaintiffs oppose the relief sought by Defendant Hoffman for the same reasons they previously opposed a substantially similar request for relief by Defendant Bradley Billhimer. Like Mr. Billhimer, Ms. Hoffman argues, in essence, that she must be dismissed from the case because she is merely doing her job as she enforces unconstitutional statutory provisions in Gloucester County. However, to the extent that Plaintiffs herein seek and are entitled to preliminary injunctive relief enjoining enforcement of the statutory provisions being challenged in this case, Plaintiffs understand that Ms. Hoffman must remain a defendant in this action in order for such injunctive relief to have effect in Gloucester County. *See, e.g.*, *Two Guys from Harrison, Inc. v. Furman*, 157 A.2d 351, 354-55 (N.J. Super. Ct. 1959) (injunction against state AG did not bind non-party Bergen County Prosecutor).

  Ms. Hoffman cites <u>N.J.SA.</u> 2A:158-5 for the proposition that she "must use all reasonable and **lawful** diligence for the detection, arrest, indictment and conviction of offenders against the laws" (emphasis added). Plaintiffs question whether enforcement of unconstitutional laws constitutes reasonable or "*lawful* diligence" and similarly question whether Ms. Hoffman could simply agree to non-enforcement of the provisions challenged in this case during the pendency of this action if she agrees that there is at least some substantial doubt about their constitutionality. In any event, Ms. Hoffman may be enjoined in this action from enforcing the challenged provisions and need not wait for a "change in the statutes" in the event that this Court enters an order directing her to cease enforcement.

1201 N. ORANGE STREET
SUITE 300
WILMINGTON, DELAWARE 19801
P: 302. 425. 5800  |  F: 302. 425. 5814

8 PENN CENTER
1628 JOHN F. KENNEDY BLVD, SUITE 1901
PHILADELPHIA, PENNSYLVANIA 19103
P: 215. 238. 0010  |  F: 215. 238. 0016

www.GSBBLAW.com

November 30, 2022
Page 2

    Thank you for your consideration. Undersigned counsel is available at the convenience of the Court should Your Honor have any questions.

                      Respectfully submitted,

                      */s/ Bradley P. Lehman*
                      Bradley P. Lehman

cc:    All Counsel (via e-filing)
       The Hon. Ann Marie Donio, U.S. Magistrate Judge (via e-filing)