

<table>
<tr><td>PHILIP D. MURPHY<br>*Governor*<br><br>TAHESHA L. WAY<br>*Lt. Governor*</td><td style="text-align:center">*State of New Jersey*<br>OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO BOX 112<br>TRENTON, NJ 08625-0112</td><td>MATTHEW J. PLATKIN<br>*Attorney General*<br><br>MICHAEL T.G. LONG<br>*Director*</td></tr>
</table>

September 20, 2023

**VIA ECF**
Hon. J. Brendan Day, U.S.M.J.
United States District Court
402 East State Street
Trenton, NJ 08608

      **Re:**  *Association of New Jersey Rifle & Pistol Clubs,*
            *Inc. et al. v. Platkin et al. ("ANJRPC")*
                Docket No. 3:18-cv-10507
            *Cheeseman et al. v. Platkin et al.*
                Docket No. 1:22-cv-04360
            *Ellman et al. v. Platkin et al.*
                Docket No. 3:22-cv-04397

Dear Judge Day:

     I represent State Defendants[1] in these above-captioned consolidated matters. In accordance with Your Honor's Case Management Order, Section 5,[2] State Defendants must bring the following disputes to your attention.

     The last day of discovery in these matters was August 31, 2023. *See* Order, *ANJRPC*, ECF 154. On the night of August 31, Plaintiffs in the *ANJRPC* and *Ellman*

---

[1] That is, the Attorney General of New Jersey and Superintendent of the New Jersey Division of State Police as to all three matters; and additionally the Camden County Prosecutor and Ocean County Prosecutor in the *Cheeseman* matter only.

[2] https://www.njd.uscourts.gov/sites/njd/files/JBDCaseManagementOrder.pdf



matters served two new disclosures relating to their expert witnesses.

At 8:44 p.m. that night, they served "supplemental production" of expert Emmanuel Kapelsohn that, among other things not being disputed here, consisted of (1) portions of errata statements from his August 4, 2023 deposition, in which Mr. Kapelsohn attempts to overwrite his deposition testimony with new, scripted answers on the basis that he "refreshed my recollection" or "remembered correct information"; and (2) materials relating to testing completed after his reports were served and deposition testimony had taken place.

Later, at 11:59 p.m., Plaintiffs served a supplemental rebuttal expert report of Clayton Cramer. Cramer previously served a rebuttal report on July 17 and was deposed on August 21.

The above-described productions are untimely, prejudice State Defendants, and otherwise violate the Federal Rules of Civil Procedure and Federal Rules of Evidence. The late-served materials violate this Court's scheduling order, which required expert reports be served on June 16 and rebuttal reports be served by July 17. Order, *ANJRPC*, ECF 154. There is no reason why Mr. Cramer and Mr. Kapelsohn could not have provided their newly-disclosed materials on that date, or prior to their depositions. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (requiring "substantial justification" for failure to disclose required expert information). Furthermore, expert witnesses may not attempt a "do-over" of their original analysis after they were unable to provide answers in a deposition. *See Dandy v. Ethicon Women's Health & Urology*, 579 F.Supp.3d 625, 631–32 (D.N.J. 2022). Similarly, witnesses cannot turn deposition errata into a do-over of the deposition and provide answers they wish they provided when questioned, but did not. Here, "proposed substantive changes" that "materially contradict prior deposition testimony" are unjustified, *Intervet, Inc. v. Mileutis Ltd.*, No. 15-1371, 2023 WL 2266411, at *7–9 (D.N.J. Feb. 28, 2023) (quoting *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253 (3d Cir. 2010)).

Counsel for State Defendants wrote to *ANJRPC/Ellman* Plaintiffs' Counsel on September 13, requesting that these submissions be withdrawn, citing the above reasons. State Defendants asked for Plaintiffs response by September 15, and if a resolution could not be reached by then, advised the Plaintiffs that they would reach out to the Court requesting a conference. Counsel for State Defendants and *ANJRPC/Ellman* Plaintiffs spoke by phone on September 15, but Plaintiffs requested

additional time to respond. During an additional phone call on September 19, *ANJRPC/Ellman* Plaintiffs' counsel indicated that they would not withdraw these submissions, and that they would state their position in writing that could be included in a letter to the Court.

State Defendants thus request permission to file a motion to strike the above-listed items. *See, e.g.*, *EBC.*, 618 F.3d at 270; *Nicholas*, 227 F.3d at 148. State Defendants proposed filing the motion as early as next week, because the exclusion of these materials would impact the State's presentation of its upcoming *Daubert* motions and cross-motions for summary judgment, due November 3. However, *ANJRPC/Ellman* Plaintiffs' counsel did not consent to a briefing schedule, instead taking the position that the motion should be filed with the *Daubert* and summary-judgment motions.

The *ANJRPC/Ellman* Plaintiffs have asked the following be included in this letter to represent their position:

### **Plaintiffs' Position**

Defendants are correct that this issue is controlled by *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253 (3d Cir. 2010). In *EBC*, the Third Circuit adopted a flexible approach to Fed. R. Civ. P. 30(e). In the Third Circuit, the decision whether to permit even a contradictory errata sheet (and the errata objected to here are not necessarily contradictory) is a "fact-specific" determination not susceptible to a "one-size-fits-all rule" While courts are not categorically required to consider contradictory errata, they are also not required "to strike contradictory errata if sufficiently persuasive reasons are given, if the proposed amendments truly reflect the deponent's original testimony, or *if other circumstances satisfy the court that amendment should be permitted.*" *Id.* at 270 (emphasis added).

All of the objected to material is directly responsive to questions posed by counsel at a deposition. None is merely gratuitous addition. Notably, the 30(e) dispute in *EBC* arose in the context of summary judgment motions. If Defendants wish to object to any of these errata, that is where they should do so. The reason for this is that the *EBC* analysis is inherently fact and context sensitive.

September 20, 2023
Page 4

By way of example, one of the items Defendants object to is a video demonstration of wall penetration by various rounds of ammunition prepared by Mr. Kapelsohn after his deposition was taken. Both Plaintiffs' expert Mr. Kapelsohn and Defendants' expert Mr. Yurgelitis opine on the wall penetration potential of various types ammunition in the context of self-defense. Naturally, they do not agree. In his expert report Mr. Kapelsohn testified that he has performed ammunition wall penetration demonstrations many times in classes he has taught over the years. At his deposition, counsel asked him if he has any video of those. Mr. Kapelsohn said that because they were live demonstrations in class he does not. Therefore, he went out and did one to produce to the Defendants.

But under the fact and context sensitive test of *EBC*, whether or not that was a proper erratum under 30(e) depends a great deal on the position Defendants intend to take at trial or in dispositive motions. For example, if Defendants intend to argue that the *absence* of video evidence of Mr. Kapelsohn's tests justifies giving his testimony on wall penetration less weight, then the subsequently produced video is highly appropriate to rebut that argument. On the other hand, if Defendants do not intend to mention the absence of video evidence then the new video is plainly a less appropriate erratum. But we will not know their position in this regard until they file their summary judgment papers.

Everything objected to was directly put in issue by Defendants at the depositions and therefore all of the objections require the context of the upcoming summary judgment motions for the Court to do a proper *EBC* analysis. For this reason *ANJRPC* and *Ellman* Plaintiffs propose that, as in *EBC* itself, any objection to 30(e) errata simply be rolled into the existing summary judgment/*Daubert* motion schedule already approved by the Court. This is particularly appropriate since *Daubert* motions are also being briefed and argued at the same time as summary judgment.

*****

To the foregoing, State Defendants briefly note[3] that Plaintiffs appear to agree that a motion to strike is the appropriate mechanism to resolve the dispute at issue, but otherwise fail to address the legal problems with their procedurally improper submissions. Plaintiffs conflate *EBC*, 618 F.3d at 270, which governs errata objections, with the rules regarding timely disclosure of expert opinions, *Nicholas*, 227 F.3d at 148.

Given the impasse between State Defendants and Plaintiffs, State Defendants request that the Court grant leave for State Defendants to file their motion to strike,[4] or if the Court prefers, to first schedule a conference to discuss this matter further. Thank you for the Court's consideration.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   *Daniel M. Vannella*
      Daniel M. Vannella (NJ Bar # 015922007)
      Assistant Attorney General

cc:   All counsel of record (via ECF)

---

[3] State Defendants disagree with Plaintiffs' characterization of certain deposition testimony. To the extent it is relevant, the actual testimony would of course be provided to the Court as part of the motion.

[4] At 8:02 p.m. on September 20, after State Defendants had already prepared this letter addressing the above-mentioned issues, Counsel for the *ANJRPC/Ellman* Plaintiffs belatedly served an errata sheet for the deposition of Ashley Hlebinsky, which took place 40 days ago on August 11. *See* Fed. R. Civ. P. 30(e) (requiring deposition errata to be provided within 30 days of deposition). Due to the timing of this new development, State Defendants have not yet been able to evaluate the substance of the errata sheet—which appears to also contain substantive alteration of testimony—or to confer with Plaintiffs' Counsel. In the interest of efficiency, State Defendants request that should the Court grant leave to file a motion to strike, that motion may also seek relief as to the Hlebinsky errata and any other discovery materials Plaintiffs may serve in the interim.